IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LONDI DENNIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL ACTION NO. _____** |
| | § | |
| **METROPOLITAN LIFE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Metropolitan Life Insurance Company ("MetLife") files this Notice of Removal of the action styled *Londi Dennis v. Metropolitan Life Insurance Company*, Cause No. 141-331587-22, filed in the 141st Judicial District Court of Tarrant County, Texas (the "State Court Action"). In support of this Notice of Removal, Defendant shows the Court the following:

### THE PROCEEDINGS IN STATE COURT

1. On January 31, 2022, Plaintiff Londi Dennis ("Dennis" or "Plaintiff") filed Plaintiff's First Amended Petition (the "Petition") commencing the State Court Action in the 141st Judicial District Court of Tarrant County, Texas. A true and correct copy of the State Court's Docket Sheet is attached hereto as **Exhibit A** and the Petition is attached as **Exhibit B.**

2. MetLife was served with the Citation and Petition through its registered agent, CT Corporation, on March 2, 2022. A true and correct copy of the Citation served on MetLife is attached hereto as a part of **Exhibit B**.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty days of MetLife's receipt of the Petition and Citation.

**FEDERAL QUESTION JURISDICTION – PLAINTIFF ASSERTS AN ERISA CLAIM**

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*. The ERISA civil enforcement provision completely preempts state law causes of action that duplicate, supplement, or supplant the ERISA civil enforcement remedy. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); 29 U.S.C. § 1132(a) (ERISA § 502(a)). The doctrine of complete preemption serves as an exception to the rule requiring a federal court's original jurisdiction to appear on the face of a plaintiff's well-pleaded complaint. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003). For purposes of the well-pleaded complaint rule, ERISA's civil enforcement provision has been held to have such extraordinary preemptive power that it converts an ordinary state-law complaint into one stating a federal claim which is removable to federal court. *See, e.g., Davila*, 542 U.S. at 209; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-66 (1987); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc).

5. Plaintiff seeks to recover life insurance benefits under a "Group" policy issued by MetLife, which is governed by ERISA. (*See* Exh. B, Petition, p. 2, ¶ 7; pp. 2-3). Plaintiff's son, Anthony Troy Dennis, Jr. was a participant in the ERISA-governed plan, funded by the Group Policy. (*See* Exh. B, Petition, p. 2, ¶ 7.).

6. Thus, pursuant to 28 U.S.C. § 1441(a) and (c), the State Court Action is removable to this Court, because as reflected in the Petition, Plaintiff's claims against MetLife involves life insurance benefits under a "Group" policy governed by ERISA and arise under federal law. *See Davila*, 542 U.S. at 209; *Taylor*, 481 U.S. at 62-63. ERISA preempts the state law claims alleged in the Petition and it provides the exclusive federal remedy for resolution of

claims by beneficiaries to recover benefits from such plans.  29 U.S.C. § 1132(a)(1)(B) and § 1144; *see Davila,* 542 U.S. at 207-09; *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987).

### REQUIREMENTS OF 28 U.S.C. § 1446(a) & (b) ARE MET

10. This Notice of Removal is filed in the United States District Court for the District and Division in which the State Court Action was filed, pursuant to 28 U.S.C. § 1446(a).

11. In accordance with 28 U.S.C. § 1446(a), a copy of the Petition served on MetLife and the Citation are attached hereto as **Exhibit B,** and a copy of the docket sheet from the State Court Action is attached as **Exhibit A.**  No orders have been signed by the judge in the State Court Action and MetLife has not filed an answer in the State Court Action.

12. Thirty days have not elapsed since MetLife's receipt of the Petition and Citation, through service on its registered agent.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is therefore being filed within the time required by law.

13. Written notice of the filing of this Notice of Removal will be filed in the 141st Judicial District Court of Tarrant County, Texas as required by law.

WHEREFORE, Defendant Metropolitan Life Insurance Company respectfully submits this Notice removing the State Court Action to this Court.

        Respectfully submitted,

        */s/ Linda G. Moore*
        Linda G. Moore
        State Bar No. 14359500
        ESTES THORNE & CARR PLLC
        3811 Turtle Creek Blvd., Suite 2000
        Dallas, Texas 75219
        Telephone: (214) 599-4000
        Telecopier: (214) 599-4099
        lmoore@estesthornecarr.com

        ATTORNEY FOR DEFENDANT
        METROPOLITAN LIFE INSURANCE
        COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been served on Plaintiff's counsel through the Court's CM/ECF system on this 23rd day of March 2022 as follows:

    Mark S. Humphreys
    Mark S. Humphreys, P.C.
    702 Dalworth Street,
    Grand Prairie, Texas 75050
    Texaslaw94@yaoo.com

        */s/ Linda G. Moore*
        Linda G. Moore