UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Londi Dennis | § | |
| | § | Civil Action No. |
| V. | § | |
| | § | 4:22-cv-0208-P |
| Metropolitan Life Insurance Company | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Londi Dennis** (126/477) (hereinafter Plaintiff) complaining of and about **Metropolitan Life Insurance Company** (hereinafter Defendant) and for cause of action shows unto the Court the following:

**JURISDICTION and VENUE**

1. This action against Defendant arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et. seq.

2. This Court has jurisdiction over this action pursuant to 29 U.S.C., §1132(e)(1).

3. Venue is proper in this District pursuant to 29 U.S.C., §1132(e)(2), because this is where the insured resides.

**SERVICE**

4. Defendant **Metropolitan Life Insurance Company** is an insurance company, doing business in the State of Texas. Said Defendant has been served and has answered this lawsuit.

**AGENCY AND VICARIOUS LIABILITY**

5. Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

**WRITTEN NOTICE GIVEN**

6.      Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

**FACTS**

7.      Anthony Troy Dennis, Jr. ("Troy") had a policy of insurance with Defendant, group policy number 5973562.

8.      The policy was in full force and effect.

9.      Troy had an employee benefit plan (Plan) with his employer that provided Life Insurance benefits for its employees.

10.     The Plan is alleged to be subject to ERISA.

11.     At all times pertinent, Troy was an employee and was a participant of the Plan, within the meaning of 29 U.S.C. §1002(7).

12.     Troy died. Thus, life insurance coverage applies to his death.

13.     The beneficiary under the policy is Plaintiff.

14.     On June 15, 2021, Troy died and Plaintiff made a timely claim for life insurance benefits and cooperated with the investigation of the claim.

15.     Defendant had initial concerns about who was to be paid the policy benefits.

16.     Defendant eventually agreed that Plaintiff was entitled to the benefits but then stated that there was concerns about the conversion period and Troy's last day of employment.

17.     In a letter dated October 25, 2021, Plaintiff's claim was denied based on Defendant's contention that Troy was not an eligible employee.

18.     The fact is that Troy had not quit employment nor was he terminated from employment prior to his death.

19.     The continued refusal to pay benefits is unjustified.

**CLAIM FOR RELIEF**

20.     Plaintiff is entitled to both Life Insurance benefits under the Plan and Troy has met the definition of "full-time employee" as contained in the Plan.

21.     Plaintiff has complied with Plaintiffs' obligations to make proof of claim in accordance with the Plan's requirements and with subsequent appeals.

22.     The Defendant is not granted discretion, or such discretion is void, under Texas law.  The standard of review is de novo and Defendant's decision to terminate Troy's benefits was arbitrary and capricious.

23.     In the alternative, Defendant's decision to deny Troy's benefits was arbitrary and capricious.

**ATTORNEY'S FEES PURSUANT TO 29 U.S.C. §1132(G)(1) AGAINST DEFENDANT**

24.     Pursuant to 29 U.S.C., §1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorney's fees in connection with the prosecution of this action.

**PRAYER**

25.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

        SIGNED on April 7, 2022.

                                Respectfully submitted,

                                /s/     Mark S. Humphreys
                                By:     Mark S. Humphreys   - SBOT #00789762

                                MARK S. HUMPHREYS, P.C.
                                702 Dalworth Street, Grand Prairie, Texas 75050
                                Tel.  (972) 263-3722      *        Fax.  (972) 237-1690
                                Email:   texaslaw94@yahoo.com
                                **Attorney For Plaintiff**

**CERTIFICATE OF SERVICE**     I hereby certify by my signature above that a true copy of the foregoing instrument was on April 7, 2022, forwarded to defense counsel via ECF notification.